IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN W. JAMES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 09-40-GPM** |
| | ) | |
| ILLINOIS SEXUALLY DANGEROUS | ) | |
| PERSONS ACT, 725 ILCS 205/0.01 *et seq.*, | ) | |
| LISA MADIGAN, Illinois Attorney General, | ) | |
| and ROGER E. WALKER, JR., Director of | ) | |
| the Illinois Department of Corrections, | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

This matter is before the Court on the motion to dismiss brought by Defendant Roger E.

Walker, Jr. (Doc. 9). Plaintiff Steven W. James, who is proceeding pro se, asserts claims under 42

U.S.C. § 1983 and 42 U.S.C. § 1985 for alleged violations of his civil rights in connection with his

commitment pursuant to the Illinois Sexually Dangerous Persons Act ("ISDPA"), 725

ILCS 205/0.01 *et seq*. Federal subject matter jurisdiction is proper on the basis of 28 U.S.C. § 1343

and 28 U.S.C. § 1331. It appears from the allegations of James's complaint that in 1988 as a result

of proceedings in White County, Illinois, he was civilly committed pursuant to the ISDPA, *see* 725

ILCS 205/3.01, then detained as a ward of the Director of the Illinois Department of Corrections

("IDOC") at the Menard Correctional Center in Chester, Illinois. *See* 725 ILCS 205/8. It appears

further that James was conditionally released from his ISDPA commitment for a period of

approximately two years, *see* 725 ILCS 205/10, then discharged from the commitment in January 2005. *See* 725 ILCS 205/9. James alleges that on two occasions he has been denied employment because Illinois law enforcement agencies reported his civil commitment pursuant to the ISDPA as a felony conviction to companies performing employment-related background checks on him. On the first occasion, in October 2003, James was denied employment by Home Depot because the Illinois State Police reported James's ISDPA commitment as a felony conviction on a background check. On the second occasion, in October 2007, James was denied employment by Best Buy because the IDOC reported James's ISDPA commitment as a felony conviction on a background check.

James, who currently resides in Michigan, asserts claims for violation of his civil rights and conspiracy to violate his civil rights against Walker, the Director of the IDOC, and Defendant Lisa Madigan, the Illinois Attorney General, as well as against the ISDPA. James alleges in his complaint that his commitment pursuant to the ISDPA was in violation of his rights under the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the Constitution. He also challenges the ISDPA as unconstitutionally vague and overbroad, in violation of the Fifth, Eighth, and Fourteenth Amendments. James seeks a judicial declaration of the unconstitutionality of the ISDPA as void for vagueness and overbreadth, together with an injunction prohibiting Madigan, Walker, and other Illinois law enforcement officers from reporting James's ISDPA commitment to his prospective employers and others as a felony conviction. In the alternative, James requests that the Court declare that his commitment pursuant to the ISDPA was a felony conviction and hold the conviction unconstitutional as a violation of substantive due process and equal protection under the Fifth and Fourteenth Amendments. Additionally, James seeks

compensatory and punitive damages both for his commitment under the ISDPA and the alleged misreporting of his criminal record following his release from the commitment.[1]

## II. ANALYSIS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint should not be dismissed unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitle[ment] to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do[.]" *Twombly*, 550 U.S. at 555 (citations omitted). For purposes of a Rule 12(b)(6) motion, the allegations of a pro se complaint are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

---

1. Although James's complaint does not specify whether he is suing Madigan and Walker in their individual or official capacities, presumably his requests for declaratory and injunctive relief are brought against Madigan and Walker in their official capacities, while his claims for damages are brought against them in their individual capacities. *See Wooden v. Barone*, No. 06-CV-790-JPG, 2007 WL 2481170, at **2-3 (S.D. Ill. Aug. 29, 2007).

In this instance Walker seeks dismissal of James's complaint on three grounds: that James's claims are barred by the statute of limitations; that James's challenge to the ISDPA on grounds of vagueness and overbreadth is insufficient as a matter of law; and that James has failed properly to allege a conspiracy to violate his civil rights. As an initial matter, the Court notes that, to the extent James is attempting to litigate the constitutionality of his commitment pursuant to the ISDPA, were he still committed such a claim would be barred by the familiar rule that a prison inmate lacks standing to bring a collateral attack on a prison sentence under a federal civil rights statute until such time as the inmate's conviction is overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995). However, James is a former inmate for whom a federal habeas remedy is unavailable, and therefore no *Heck* bar applies here. *See DeWalt v. Carter*, 224 F.3d 607, 617-18 (7th Cir. 2000). That said, the *Rooker-Feldman* doctrine divests this Court of jurisdiction to sit in review of the White County circuit court's judgment of commitment as to James. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603-04 (7th Cir. 2008).[2]

The Court turns then to the grounds for dismissal of James's complaint asserted by Walker, beginning with the issue of the statute of limitations. The limitations period applicable to James's claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 is two years. *See Wilson v. Giesen*, 956

---

2.  The Court notes also as an initial matter that the ISDPA is not a proper party Defendant to this case. The ISDPA is, of course, a state statute; it is not a person acting under color of state law within the meaning of 42 U.S.C. § 1983 and 42 U.S.C. § 1985, nor is it a proper party to this suit under the Federal Rules of Civil Procedure. *See Wilson v. Post Conviction Hearing Act of Commonwealth of Pa.*, 321 F. Supp. 1234, 1235 (W.D. Pa. 1971) (a state statute challenged as unconstitutional was not a suable entity under Section 1983 and Section 1985). *Cf. Marion v. Columbia Corr. Inst.*, No. 07-C-243-C, 2009 WL 1181255, at *5 (W.D. Wis. May 1, 2009).

F.2d 738, 741 & n.4 (7th Cir. 1992); *Smith v. City of Chicago Heights*, 951 F.2d 834, 836 n.1 (7th Cir. 1992). Accrual of federal civil rights claims for purposes of the statute of limitations is governed by federal law, and a claim generally accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson*, 956 F.2d at 740. In this case, Walker claims that James knew or should have known of any violation of his civil rights in 2003 when, as noted, James was first denied employment because his ISDPA commitment appeared in a background check as a felony conviction. Because James did not sue regarding the alleged misreporting of his criminal record until 2009, Walker asserts that James's civil rights claims are time-barred.

The Court disagrees. As a general rule affirmative defenses normally are not resolved at the pleading stage, although a plaintiff's claims may be disposed of under Rule 12(b)(6) if the complaint contains facts which demonstrate that those claims are barred by the statute of limitations. *See Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002); *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *Jimenez v. Herrera*, No. 95 C 1956, 1996 WL 99715, at *5 (N.D. Ill. Mar. 4, 1996); *EEOC v. Park Ridge Pub. Library*, 856 F. Supp. 477, 480 (N.D. Ill. 1994). *See also Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). This is not such a case. In James's complaint he acknowledges that he was aware that he had been denied employment based on his commitment under the ISDPA showing up as a felony conviction on a background check in 2003; he even attaches evidence of this to his complaint. *See* Doc. 1-3 at 11-15. However, James states also that he was advised by an attorney appointed to represent him during the period of his conditional release from ISDPA commitment that the 2003 incident was simply a mistake, and that

in reliance on this advice he had no reason to suppose that he needed to go to court to ensure that he

would not be deemed a convicted felon based on his ISDPA commitment in the future. *See* Doc. 1-2

at 11-12. The question of whether, under the circumstances of this case, the statute of limitations

was tolled by the advice James received from his attorney or whether James failed to use reasonable

diligence to discover his injury is, in the Court's view, not susceptible of resolution at the pleading

stage. *See Cathedral of Joy Baptist Church v. Village of Hazel Crest*, 22 F.3d 713, 716-18

(7th Cir. 1994); *Cada v. Baxter Health Care*, 920 F.2d 446, 450-51 (7th Cir. 1990). Thus, James's

claims will not be dismissed under Rule 12(b)(6) on the basis of the statute of limitations.

The Court turns next to the question of the legal sufficiency of James's challenge to the

ISDPA on grounds of vagueness and overbreadth. The doctrine of vagueness holds generally, of

course, that as a matter of due process under the Fourteenth Amendment a state penal law must be

worded in sufficiently definite terms that people of ordinary intelligence have fair warning of the

conduct prohibited by the statute in a manner that does not encourage arbitrary and discriminatory

enforcement. *See Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972); *Server v. Mizell*, 902

F.2d 611, 613 (7th Cir. 1990).[3] The doctrine of overbreadth allows a defendant in a criminal case

to challenge a criminal statute on its face as unconstitutionally overbroad if it "does not aim

specifically at evils within the allowable area of State control but, on the contrary, sweeps within its

---

3. To the extent James frames his challenge to the ISDPA on grounds of vagueness and overbreadth as being brought under the Fifth Amendment, he is mistaken. The Fifth Amendment is irrelevant to James's claims, which involve only state, not federal, actors. *See Williams v. Hostetler*, Civil No. 07-375-GPM, 2008 WL 123655, at *2 n.1 (S.D. Ill. Jan. 9, 2008). To the extent his vagueness challenge is based on the Eighth Amendment, it likewise is not well taken. In the Seventh Circuit, a vagueness challenge based on the Eighth Amendment will not lie as to non-capital proceedings. *See Holman v. Page*, 95 F.3d 481, 487 (7th Cir. 1996); *Barnhill v. Flannigan*, 42 F.3d 1074, 1079 (7th Cir. 1994); *Peeples v. Greer*, 739 F.2d 262, 262-65 (7th Cir. 1984).

ambit other activities" that are protected by the First Amendment. *Thornhill v. Alabama*, 310 U.S. 88, 97 (1940). The rationale for the doctrine is based in fear of the chilling effect of overbroad penal statutes on First Amendment rights where such statutes are "susceptible of sweeping and improper application." *NAACP v. Button*, 371 U.S. 415, 433 (1963). The ISDPA is a penal statute, *see People v. Dykema*, 232 N.E.2d 471, 473 (Ill. App. Ct. 1967); *People v. Turner*, 211 N.E.2d 486, 487 (Ill. App. Ct. 1965); *People v. McDonald*, 194 N.E.2d 541, 544 (Ill. App. Ct. 1963), but, as Walker points out, it has been held by the intermediate court of Illinois not to be unconstitutionally vague and overbroad. *See People v. Pembrock*, 320 N.E.2d 470, 474 (Ill. App. Ct. 1974).

The Court agrees with Walker that James's challenge to the ISDPA on grounds of vagueness and overbreadth fails as a matter of law. A statute "may be impermissibly vague because it fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests." *City of Chicago v. Morales*, 527 U.S. 41, 52 (1999). In order to survive a vagueness challenge, a law must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned*, 408 U.S. at 108. Laws with civil penalties are scrutinized less stringently than laws with criminal penalties, though if they potentially interfere with First Amendment rights, "a more stringent vagueness test should apply." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982). *See also Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972). However, "due process does not require 'impossible standards' of clarity." *Kolender v. Lawson*, 461 U.S. 352, 361 (1983) (quoting *United States v. Petrillo*, 332 U.S. 1, 7 (1947)). "Condemned to the use of words, we can never expect mathematical certainty from our language." *Grayned*, 408 U.S.

at 110.  *See also Broadrick v. Oklahoma*, 413 U.S. 601, 608 (1973) (noting that "[w]ords inevitably

contain germs of uncertainty[.]").

James challenges the ISDPA as unconstitutionally vague as applied to his conduct.  Where,

as in this case, a legislative enactment challenged as vague implicates no constitutionally protected

conduct, a vagueness challenge will fail unless "the enactment is impermissibly vague in all of its

applications."  *Hoffman Estates*, 455 U.S. at 495.  *See also Lawline v. American Bar Ass'n*, 956

F.2d 1378, 1386 (7th Cir. 1992); *Brockert v. Skornicka*, 711 F.2d 1376, 1381 (7th Cir. 1983).  Also,

when, as here, a party asserts a claim of unconstitutional vagueness outside the First Amendment

context, the party must demonstrate that the legislative enactment is vague as applied to the party's

own conduct.  In other words, "vagueness challenges . . . which do not involve First Amendment

freedoms must be examined in the light of the facts of the case at hand."  *United States v. Mazurie*,

419 U.S. 544, 550 (1975).  "A court should therefore examine the complainant's conduct before

analyzing other hypothetical applications of the law."  *Hoffman Estates*, 455 U.S. at 495.  Thus, a

party "who engages in some conduct that is clearly proscribed" by the legislative enactment does

not have standing to argue that the law is vague as applied to the hypothetical conduct of third

parties.  *Id*.  In the present case, the facts alleged in James's complaint do not demonstrate that the

ISDPA is vague as applied to James's conduct.  According to the allegations of the complaint, in

January 1988 James was arrested in Carmi, Illinois, for sexually molesting his eight-year-old second

cousin, and was charged with two counts of aggravated criminal sexual assault and one count of

aggravated criminal sexual abuse.  Thereafter, proceedings were commenced as to James under the

ISDPA and he was examined by two psychiatrists who concluded that James was suffering from a

mental disorder within the meaning of the statute.  *See* 725 ILCS 205/4.03.  On the advice of his

court-appointed counsel James stipulated to the admission of the psychiatric reports into evidence, and was adjudicated a sexually dangerous person. It is apparent that the ISDPA was sufficiently clear as applied to James and therefore his vagueness challenge to the statute is inadequate as a matter of law. *See Hoffman Estates*, 455 U.S. at 500.[4]

Because James has failed to state a claim for relief with respect to an alleged violation of his civil rights due to the vagueness and overbreadth of the ISDPA, his claim of a conspiracy to violate his civil rights necessarily fails as well. *See Rojicek v. Community Consol. Sch. Dist. 15*, 888 F. Supp. 878, 886-87 (N.D. Ill. 1995) ("The law is clear that [42 U.S.C. §] 1983 does not punish conspiracy. What it does punish is the deprivation of constitutional rights under color of state law . . . . It is not enough for a plaintiff merely to prove a conspiracy without proving the deprivation as well.") (internal quotations and citations omitted). Thus, it is unnecessary, of course, for the Court to address Walker's attack on the adequacy of James's pleading of a conspiracy to violate his civil rights. The Court notes that James's allegations of violations of his civil rights amount to a claim that Madigan and Walker, as officials of the State of Illinois, have neglected to comply with a duty created by Illinois law, that is, to denominate James's detention pursuant to the ISDPA as a civil commitment rather than as a criminal conviction. However, "the Constitution does not

_____

4.        Because James's constitutional challenge to the ISDPA does not implicate the First Amendment, his attack on the statute for overbreadth is insufficient as well. The overbreadth doctrine permits a party to argue that a statute reaching a substantial amount of protected activity should be struck down in its entirety, even if the statute could constitutionally be applied to the litigant. *See, e.g., Gooding v. Wilson*, 405 U.S. 518, 521-22 (1972). The overbreadth doctrine is allowed only in the First Amendment context because of "the transcendent value to all society of constitutionally protected expression." *Id*. at 521. Consequently, the Supreme Court of the United States has never recognized the overbreadth doctrine outside the context of the First Amendment. *See United States v. Salerno*, 481 U.S. 739, 745 (1987) (citing *Schall v. Martin*, 467 U.S. 253, 269 n.18 (1984)) (noting that "we have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment.").

compel states to follow their own laws. Nor does it permit a federal court to enforce state laws directly." *Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003) (citations omitted). *See also Archie v. City of Racine*, 847 F.2d 1211, 1216 (7th Cir. 1988) (noting that a breach of a duty created by state law is not cognizable ipso facto as a civil rights violation, as "the Constitution does not duplicate state law."); *Tran v. Kriz*, No. 08-C-228, 2008 WL 794546, at *3 n.3 (E.D. Wis. Mar. 21, 2008) ("[E]ven if [a plaintiff] intends by his allegations to challenge [a defendant's] actions as a violation of state law, state statutes generally cannot be enforced via federal lawsuits."). If James believes that Illinois law enforcement authorities are disseminating false information about him, he perhaps could pursue a remedy under the Illinois Uniform Conviction Information Act, 20 ILCS 2635/1 *et seq*., which authorizes a private civil action by a person aggrieved by the dissemination of inaccurate or incomplete information about his or her criminal record. *See* 20 ILCS 2635/14(B)-(D); *Ramos v. City of Peru*, 775 N.E.2d 184, 187 (Ill. App. Ct. 2002). *See also* 20 ILCS 2635/15 – 2635/16. What James has failed to do in this case, however, is to allege a violation of his constitutional rights remediable under the federal civil rights statutes, and therefore this action must be dismissed.

### III. CONCLUSION

Walker's motion to dismiss (Doc. 9) is **GRANTED**. This action is **DISMISSED with prejudice**. The Clerk of Court will enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 19, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge